UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                        Plaintiff,               **ORDER**

   -against-                                 11 CV 2307 (DRH)

STEVEN A. BENAIN,

                        Defendant.
------------------------------------------------------------X

**HURLEY, Senior District Judge:**

      Plaintiff United States of America commenced this action on May 12, 2011 seeking to recover amounts due on defendant Steven A. Benain's student loan.  Presently before the Court is plaintiff's motion for default judgment.  The motion is granted.

      Plaintiff served defendant with the summons and complaint on July 1, 2011 by delivering a copy thereof to a person of suitable age and discretion at defendant's home, and by mailing a copy to defendant's home on July 7, 2011.  Plaintiff filed proof of service on July 18, 2011.  Defendant has failed to answer, appear, or otherwise move.  On October 15, 2011, plaintiff filed a motion seeking a clerk's notation of default, which was entered on October 17, 2011.

      In light of defendant's default, the Court "is required to accept all of the [plaintiff's] factual allegations as true and draw all reasonable inferences in its favor." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009) (citing *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981)).  Here, the Certificate of Indebtedness attached to the Complaint demonstrates that on or about April 2, 2005 plaintiff executed a promissory note to secure a loan made by the United States Department of Education.  The Certificate of Indebtedness further shows that, as of September 10, 2007, defendant defaulted on his obligation to make payments

pursuant to the terms of the loan.  Plaintiff seeks a sum certain and has submitted an affidavit showing the amount due; a detailed damages calculation is therefore not necessary.  *See United States v. Gellerstein*, 2011 WL 1004888, at *1 (E.D.N.Y. Mar. 17, 2011) (citing Fed. R. Civ. P. 55(b)(1) ("If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for the amount and costs against a defendant who has been defaulted . . . and is neither a minor nor an incompetent person.")).

As set forth in the Certificate of Indebtedness and the Declaration of Liberatore J. Iannarone (the "Iannarone Declaration"), defendant is indebted to plaintiff in the principal amount of $1,652.00, plus interest in the amount of $281.91 through October 11, 2011, and thereafter at such rate as the Department of Education established pursuant to Section 455(b) of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1087e.  Accordingly, plaintiff is entitled to judgment therefor.  Post-judgment interest shall be calculated pursuant to 28 U.S.C. § 1961.

Although the Complaint indicates that the amount of "Administrative Fees, Cost[s], [and] Penalties" sought is "$0", the Iannarone Declaration requests an award of $350 in filing fees and $29.00 in administrative costs and disbursements.  The United States is not required to pay a filing fee when initiating an action in federal court, *see United States v. Hinds*, 2011 WL 3555837, at *4 (E.D.N.Y. June 27, 2011) (collecting cases), and, in any event, the docket does not reflect that such filing fee was ever actually paid.  Pursuant to 28 U.S.C. § 2412, a judgment for costs awarded in favor of the plaintiff United States "*may* include an amount equal to the filing fee . . . ." 28 U.S.C. § 2412(a)(2) (emphasis added).  Here, however, plaintiff has not

articulated any reason why the Court should exercise its discretion to make such an award. *See United States v. Freeman*, 2010 WL 3522812, at *2 n.2 (E.D.N.Y. July 26, 2010) (declining to award $350 filing fee pursuant to 28 U.S.C. § 2412 when plaintiff did not "provide[ ] any law or argument to suggest that this statute entitles it to recover a 'cost' that it never actually incurred"). Plaintiff's request for $350 for filing fees is, therefore, denied. Additionally, because plaintiff has failed to provide any explanation of or substantiating documentation for the requested $29.00 in administrative costs and disbursements, this request is also denied.

Accordingly, the Clerk of Court is directed to enter judgment in favor of plaintiff and against defendant in the amount of $1,933.91, plus interest at the rate established by the Department of Education from October 12, 2011 to the date of judgment. Upon entry of judgment, the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated:   Central Islip, New York
              November 18, 2011

                                                                      /s/
                                                          Denis R. Hurley
                                                          United States District Judge