UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,

                      Plaintiff,                      **ORDER**
    -against-                                            11 CV 2307 (DRH)

STEVEN A. BENAIN,

                      Defendant.
----------------------------------------------------------X

**HURLEY, Senior District Judge:**

Presently before the Court is a November 21, 2011 letter from plaintiff United States of America seeking reconsideration of a portion of this Court's November 18, 2011 Order (the "Order"), which granted plaintiff's motion for default judgment and awarded damages in the amount of $1,933.91 plus interest. Specifically, plaintiff seeks reconsideration of the Court's denial of its request for the following costs: (1) $350 in filing fees, and (2) $29.00 in administrative costs and disbursements.

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted).

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *Nat'l Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)).

The Order denied plaintiff's request for $350 for filing fees because "[t]he United States is not required to pay a filing fee when initiating an action in federal court, and, in any event, the docket does not reflect that such filing fee was ever actually paid." (Order at 2 (internal case law citation omitted).) After noting that 28 U.S.C. § 2412 permitted a discretionary award to the United States of "'an amount equal to the filing fee,'" (*id.* (quoting 28 U.S.C. § 2412(a)(2)), the Court denied plaintiff's request because it had "not articulated any reason why the Court should exercise its discretion to make such an award." (*Id.* at 2-3 (citing *United States v. Freeman*, 2010 WL 3522812, at *2 n.2 (E.D.N.Y. July 26, 2010) (declining to award $350 filing fee pursuant to 28 U.S.C. § 2412 when plaintiff did not "provide[ ] any law or argument to suggest that this statute entitles it to recover a 'cost' that it never actually incurred").)

In support of its motion for reconsideration of this portion of the Order, the plaintiff submits photocopies of 28 U.S.C. §§ 2412, as well as 28 U.S.C. § 1914 (requiring parties instituting a civil action to pay a $350 filing fee) and § 1920 (providing for taxation of costs). Plaintiff again fails to articulate why the Court should, in its discretion, award it $350 for a cost that it did not incur – in fact, it does not provide any argument or legal authority whatsoever on

2

this point.[1]  Plaintiff's request for reconsideration of the portion of the Order denying its request for $350 is denied.

The Order also denied plaintiff's request for $29.00 in administrative costs and disbursements because "plaintiff failed to provide any explanation of or substantiating documentation" therefor.  (Order at 3.)  In support of its motion for reconsideration of this point, plaintiff simply submits a copy of an invoice, dated July 7, 2011, from Tri-State Judicial Services, Inc. reflecting a $29.00 process service fee.  (Nov. 21, 2011 Letter at 6.)  Plaintiff does not explain why it did not submit this invoice as part of its original motion for default judgment, nor does plaintiff articulate any reason why the Court should consider this belated submission.  Nonetheless, in this limited instance, the Court will permit plaintiff to supplement the record with this supporting documentation.  Accordingly, the Clerk of the Court is directed to ensure that judgment entered in this matter includes an award for $29.00 in costs.

**SO ORDERED.**

Dated:  Central Islip, New York
         November 23, 2011

                                                    /s/
                                                    Denis R. Hurley
                                                    United States District Judge

---

[1] In addition to the rote citation of the statutes listed above, plaintiff states that it spoke to an employee of the Clerk's Office and "advised [her] that the request [for the $350 filing fee] was made pursuant to Title 28 § 2412, § 1914, and § 1920 and that we would be happy to send over the law in support of our request."  (Nov. 21, 2011 Letter at 1.)  Obviously, *ex parte* telephone conversations between plaintiff's counsel and the Clerk's Office have no bearing on (and could not reasonably be expected to impact) this Court's decision.